UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATRIX HVAC , LLC                                      CIVIL ACTION

VERSUS                                                 NO. 23-1669

DAIKIN APPLIED AMERICAS, INC.,                         SECTION: "J"(4)
ET AL

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendant, Daikin North America, LLC, an opposition thereto (Rec. Doc. 9) filed by Plaintiff Matrix HVAC, LLC, and Defendant's reply (Rec. Doc. 14). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Matrix HVAC, LLC ("Matrix"), is a Louisiana limited liability company that provides HVAC goods and services. Matrix's sole member and manager is Leif Wismar, a citizen and resident of Louisiana. Defendant, Daikin North America, LLC ("Daikin") is a Delaware corporation with a principal place of business in Texas. This case arises from Matrix's claim that its former employee, who eventually left Matrix to work for Daikin, provided trade secrets and confidential information regarding a new Matrix product to Daikin.

In 2019, after approximately ten months of research and development, several of Matrix employees, including Annirudha Joshi, developed a product ("the Matrix

1

Product") that could integrate Daikin's condenser with any hot gas heat coils on the market. Matrix marketed the product to potential customers, including Daikin, by distributing brochures and giving demonstrations on the advantages and applications of the product. However, Matrix withheld the confidential details and properties of the product.

On February 7, 2020, Mr. Joshi resigned from Matrix and accepted employment with Daikin. On May 19, 2022 representatives of Matrix, Leif Wismar and Dario Cutura, attended a Daikin factory tour where Daikin presented a slideshow that included a way to control and add a hot gas reheat coil to any Daikin product, which Matrix alleges was based on the Matrix Product. On that same occasion, Matrix alleges that a Daiken representative told a Matrix employee that, "we took this from Leif." Matrix asserts Mr. Joshi acquired knowledge of numerous trade secrets and confidential information of the product he helped develop while employed with Matrix, resigned and accepted employment with Daikin, and after leaving his employment, knowingly disclosed such trade secrets and confidential information to Daikin. Then, Daikin began publicizing and marketing products, means, and methods that employed information associated with the Matrix Product.

On May 17, 2023, Matrix filed this complaint against Daikin arguing that Daikin's development of its own product to integrate the Daikin condenser is the result of the misappropriation of trade secrets and confidential information. (Rec. Doc. 1, at 2). In Count One, Matrix contends that the "concept, design, manufacture, and implementation" of the product are trade secrets under the Louisiana Uniform

Trade Secrets Act ("LUTSA"). *Id.* at 4-7. In Count Two, Matrix claims that Daikin's alleged misappropriation violates the Louisiana Unfair Trade Practices Act ("LUPTA"). *Id.* at 7-8. Count Three alleges that Daikin's product constitutes a wrongful taking and conversion actionable under Louisiana Civil Code article 2315. *Id.* at 8. In Count Four in the alternative, Matrix avers Daikin has been enriched without cause at the expense and impoverishment of Matrix under Louisiana Civil Code article 2298. *Id.* at 8-9.

In the instant motion, Daikin asserts that this Court should dismiss all the claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Rec. Doc. 6). Specifically, Daikin asserts Matrix has failed to state a claim for trade secret theft because it alleges no trade secret with specificity or efforts to maintain the secrecy of that information, does not identify any misappropriation, and otherwise states no facts or practices which contemplate an unfair trade practice as contemplated by LUPTA, or a conversion or unjust enrichment under the Louisiana Civil Code. *Id.* at 1. Daikin further argues Matrix's conversion claim should be dismissed because it is preempted to the extent it is based on the theft of trade secrets. *Id.* at 2. Finally, Daikin avers Matrix's unjust enrichment claim should be dismissed because it mirrors the LUTSA and LUPTA claims, and a plaintiff cannot proceed with an unjust enrichment claim when there is another remedy available. *Id.* at 3.

## LEGAL STANDARD

To survive a Rule12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

### A.  Louisiana Uniform Trade Secrets Act ("LUTSA") Claim

To plead a plausible claim under LUTSA, a plaintiff must allege "(a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 403 (5th Cir. 2000) (quoting *Reingold v.*

*Swiftships, Inc.*, 126 F.3d 645, 648 (5th Cir. 1997)). Daikin argues that Matrix's LUTSA claim must be dismissed because the Complaint fails to establish each of the three elements of a LUTSA claim. (Rec. Doc. 6-1).

As to the first element, Daikin argues that Matrix fails to reasonably identify any trade secret or allege facts sufficient to establish it took reasonable measures to protect that information. *Id.* at 5. LUTSA defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process that:"

> a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and
> b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

La. R.S § 51:1431(4). Therefore, a trade secret must both derive independent economic value and be subject to reasonable efforts to maintain its secrecy.

"To allege a trade secret, the plaintiff must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain the boundaries within which the secret lies. *Am. Biocarbon, LLC v. Keating*, 20-259, 2020 WL 7264459, at *4 (M.D. La. Dec. 10, 2020) (quoting *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 75 (N.D. Cal. 2020)). "A trade secret 'is one of the most elusive and difficult concepts in the law to define.'" *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 637 F.3d 604, 613 (5th Cir. 2011) (quoting *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 288

(5th Cir. 1978)). "Whether something is a trade secret is a question of fact." *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 796 (E.D. La. 2012) (citations omitted).

Here, Matrix alleges that, after research and testing for ten months, it created an "innovative and unique" product (the Matrix Product) that combines Daikin's VRF Heat Pump Condensing Unit with a Carrier Air Handling Unit and a Hot Gas Reheat Coil for Dehumidification Control" (Rec. Doc. 1, at 3). After the ten months of product development, Matrix then notified potential customers about the Matrix Product, created brochures about the advantages and applications of the Matrix Product, and demonstrated the product to Daikin's regional sales manager, "without disclosing the confidential details and properties" of the product. *Id.* Matrix argues that these allegations, on their face, establish that Matrix created a unique and innovative product and that Matrix safeguarded and protected the confidentiality of the product's design and details. (Rec. Doc. 9, at 5-6).

As noted above, LUTSA includes compilations as an example of a type of "trade secret." See La. R.S. § 51:1431(4). "[E]ven if all of the information is publicly available, a unique combination of that information which adds value to the information also may qualify as a trade secret." *Rain CII Carbon, LLC v. Kurczy*, 12-2014, 2012 WL 3577534, at *3 (E.D. La. 2012) (quoting *Penalty Kick Management Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1291 (11th Cir. 2003)). Therefore, the Court finds that Matrix sufficiently pled that the Matrix Product could be subject to LUTSA protection, because the complaint alleges that Matrix developed a compilation of products (heat

pump, air handling unit, and gas reheat coil) that derived economic value from not being generally known.

Next, the Court must determined whether Matrix sufficiently alleged that the Matrix Product is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. *See* La. R.S § 51:1431(4)(b). In addition to noting that its representatives did not disclose confidential details of the product at the presentation to Daikin, Matrix alleges broadly that it "has carefully guarded these trade secrets and confidential information, and continues to do so, and there has been no public disclosure of these trade secrets and confidentialities by Matrix." (Rec. Doc. 1, at 6). Comment (f) of § 51:1431 provides, in part:

> Reasonable efforts to maintain secrecy have been held to include advising employees of the existence of a trade secret, limiting access to a trade secret on a "need to know basis," and controlling plant access. On the other hand, public disclosure of information through display, trade journal publications, advertising, or other carelessness can preclude protection.

"The efforts required to maintain secrecy are those reasonable under the circumstances, and courts do not require extreme and unduly expensive procedures be taken to protect trade secrets." *Tubular Threading, Inc. v. Scandaliato*, 443 So. 2d 712, 714 (La. App. 5 Cir. 1983). "A disclosure of a trade secret to others who have no obligation of confidentiality extinguishes the property right in the trade secret." *Sheets v. Yamaha Motors Corp.*, 849 F.2d 179, 183–84 (5th Cir. 1988) (citing *Ruckelshaus v. Monsanto Company*, 467 U.S. 986, 1002 (1984)).

Here, Matrix admits that it developed advertising brochures describing the Matrix Product without disclosing the confidential details and properties of the Product. It also states that it demonstrated the Matrix Product to Defendant Daikin "without disclosing the confidential details and properties" of the product.  (Rec. Doc. 1, at 3). However, Matrix knowingly discussed and demonstrated the product to Defendant Daikin and does not allege that Daikin had any obligation of confidentiality. Matrix also alleges that the theft of the trade secret occurred when Mr. Joshi knowingly disclosed the trade secrets to Daikin after leaving his employment with Matrix. (Rec. Doc. 1, at 5). Matrix claims, in conclusory terms, that Mr. Joshi and Daikin knew that Matrix regarded the Matrix Product design as its trade secret and confidential information. *Id.* at 6.  However, Matrix does not provide any factual support of this contention. It does not claim what Matrix did to advise employees, including Mr. Joshi, of the existence of the trade secret, limited access to the Matrix Product to employees on a "need to know basis," controlled access to the product, or created a confidentiality agreement for employees or for Daikin.

Matrix argues that it "affirmatively alleged that it safeguarded and protected the confidentiality of the Product design and details, and that its demonstration of the Product did not disclose any confidential details." (Rec. Doc. 9, at 6). Matrix contends that this affirmative allegation, which must be taken as true for Rule 12 purposes, is that "Matrix did not disclose the confidential details and properties of the Product." *Id.* at 7. However, categorizing a product as a trade secret does not just require non-disclosure; it requires efforts to maintain secrecy that are reasonable

under the circumstances. In this case, Matrix has not alleged any specific efforts or steps taken to protect the Matrix Product, let alone efforts that the Court could determine were reasonable under the circumstances. Accordingly, the Court finds that Matrix failed to sufficiently allege a trade secret, and therefore Matrix's LUTSA claim must be dismissed.

## B. Louisiana Unfair Trade Practices Act ("LUTPA") Claim

Next, Daikin argues that Matrix fails to state a claim for LUTPA because it fails to allege that the information at issue was protected by an agreement limiting its use or disclosure. (Rec. Doc. 6-1, at 12). LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. § 51:1405(A). It affords a private right of action to "[a]ny person who suffers any ascertainable loss" as a result of the unlawful conduct. § 51:1409(A). A practice is unfair under LUTPA only when "the practice offends established public policy and is immoral, unethical, oppressive or unscrupulous." *Id.* (internal quotations omitted); *see also Monroe v. McDaniel*, 207 So. 3d 1172, 1180 (La. App. 5 Cir. 2016) ("[T]he range of prohibited practices under LUTPA is extremely narrow and includes 'only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct.'" (quoting C*heramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1060 (La. 2010))). "What constitutes an unfair trade practice is determined by the courts on a case-by-case basis." *IberiaBank*, 907 F.3d at 839.

9

An employer may recover under LUTPA when "a former employee breaches his duty not to use his former employer's confidential information." *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 796 (E.D. La. 2012) (quoting *L-3 Commc'ns Westwood Corp. v. Robichaux*, 2008 WL 577560, at *5 (E.D. La. Feb. 29, 2008)) ("while LUTSA governs most claims of misappropriation, LUTPA recognizes a claim for breach of fiduciary duty that rests on the misappropriation of information that is confidential but not a trade secret"). To prevail on a LUTPA claim based on this breach of duty, a plaintiff must prove: "(1) that it possesses knowledge or information that is not generally known; (2) that it communicated the knowledge or information to the defendant under an express or implied agreement limiting the defendant's use or disclosure of the information; and (3) that the defendant used or disclosed the knowledge or information in violation of the confidence, resulting in injury to the plaintiff." *Ruby Slipper Cafe, LLC v. Belou*, 18-1548, 2019 WL 1254897, at *7 (E.D. La. Mar. 19, 2019) (internal citations omitted).

In Count Two of the Complaint, Matrix alleges that it has suffered an ascertainable loss of money and proprietary property because of Daikin's knowing use and employment of unfair and deceptive practices in the appropriation and use of Matrix's confidential information and trade secrets (the design and production of the Matrix Product), without Matrix's consent. (Rec. Doc. 1, at 7). Matrix claims that Daikin's conduct constitutes unfair competition, in violation of LUTPA. *Id.* at 8. Matrix does not claim that Mr. Joshi's actions constitute unfair competition. (Rec.

Doc. 1, at 7-8). Therefore, the Court will not consider whether Matrix stated a potential claim regarding Mr. Joshi's breach of fiduciary duty as a Matrix employee.

In the instant motion, Daikin argues that Matrix fails to allege a specific trade secret not generally known and that any information communicated to Daikin was under an agreement limiting the use or disclosure of the information. (Rec. Doc. 6-1, at 13). However, LUTPA applies to confidential information that is not necessarily a trade secret. *L-3 Commc'ns Westwood Corp. v. Robichaux*, 06-279, 2008 WL 577560, at *5 (E.D. La. Feb. 29, 2008) (quoting *Defcon, Inc. v. Webb*, 687 So. 2d 639, 643 (La. App. 2 Cir. 1997)) ("The Louisiana Second Circuit Court of Appeal has stated that 'the misappropriation of confidential information, although not technically a trade secret. . . may serve as a basis for relief' under LUTPA."). Second, Matrix's complaint alludes to the fact that Daikin knowingly used confidential information and trade secrets surrounding the Matrix Product, but does not include sufficient detail for the Court to conclude whether there was an agreement between the Matrix and Daikin. Matrix's opposition also fails to provide that information to the Court.

Even more importantly, the Complaint does not explain exactly what actions or conduct by Daikin could constitute egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct, which would violate LUTPA. Instead, Matrix states, in conclusory fashion, that Daikin appropriated information about the design and production of the Matrix Product. This allegation is insufficient for the Court to determine whether Daikin's conduct was unfair and

violative of public policy. Accordingly, the Court finds that Matrix fails to state a claim under LUTPA.

### C. Conversion Claim

Third, Daikin argues that Matrix's claim for conversion should be dismissed because (1) to the extent the claim is based on the theft of trade secrets, it is preempted, and (2) to the extent the claim is based on confidential information, Matrix failed to allege that Daikin exercised exclusive control over the information or allege the theft of tangible property. (Rec. Doc. 6-1, at 2-3). Count Three alleges that Daikin's "knowing and wrongful appropriation and use for gain of the trade secrets, confidential information, and secrets of Matrix constitutes conversion, misappropriation, and other actionable delictual conduct under La. C.C. art. 2315." (Rec. Doc. 1, at 8)

Conversion is a delictual action which occurs when an individual (1) acquires possession of an object in an unauthorized manner; (2) removes the object from its original location and places it in another location with the intent to exercise control over the object; (3) the acquired possession is unauthorized; (4) the individual withholds possession from the owner of the object; (5) the object is either altered or destroyed; (6) the object is used improperly; or (7) the individual asserts ownership over the object. *Dual Drilling Co. v. Mills Equip. Inv., Inc.*, 721 So.2d 853, 857 (La. 1998) (citing FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 1–2, at 3 (1998)). The action of conversion constitutes an act of ownership over another individual's property that is inconsistent with the true owner's rights.

*Louisiana Health Care Grp., Inc. v. Allegiance Health Mgt., Inc.*, 32 So.3d 1138, 1143
(La. App. 3 Cir. 2010).

LUTSA preempts a claim for conversion of trade secrets. *Brand Services, L.L.C. v. Irex Corp.*, 909 F.3d 151, 158 (5th Cir. 2018) ("These cases appear consistent with the plain text and stated purpose of LUTSA's preemption provision: to preempt tort claims 'pertaining to civil liability for misappropriation of a trade secret'"). However, the Court concluded above that Matrix failed to sufficiently allege a trade secret in this case, so preemption does not apply. *Id.* at 159 ("LUTSA does not preempt civilian law claims for conversion of information that does not constitute a trade secret under LUTSA").

To the extent that Matrix's conversion claim is based on the theft of confidential information, Matrix also fails to state a claim. One of the essential elements of a conversion claim is deprivation of possession from the owner. *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985) ("A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise of assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time"). Matrix does not allege it was deprived of possession of any particular thing. In fact, Matrix claims it still maintains possession of the information, but if Daikin continues to possess the information, Matrix will lose a competitive advantage. (Rec. Doc. 1, at 5-7). Accordingly, the Court finds that Matrix's claim for conversion is deficient.

**D. Unjust Enrichment Claim**

Finally, Daikin argues that Matrix's unjust enrichment claim should be dismissed because Matrix has asserted other causes of action based on the same set of facts. (Rec. Doc. 6-1, at 16). In Count Four, Matrix alleges that, in the alternative to the other counts, Daikin has been enriched without cause at the expense and impoverishment of Matrix, and under Louisiana Civil Code art. 2298, Matrix is entitled to damages. (Rec. Doc. 1, at 8-9).

Pursuant to Louisiana Civil Code article 2298, a person who has been enriched without cause at the expense of another person is bound to compensate that person. La. Civ. Code art. 2298. Article 2298 further states that the remedy of unjust enrichment is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. *Id.* To establish a claim of unjust enrichment, the plaintiff must prove the following elements:

> (1) There must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law.

*Minyard v. Curtis Prods., Inc.*, 205 So. 2d 422, 432 (La. 1968). Generally, the existence of other available claims will preclude an unjust enrichment claim. *Liberty Mutual Fire Ins. Co. v. Shaw Group, Inc.*, No. 20-871, 2022 WL 896804 at *23 (M.D. La. Mar. 25, 2022) (citations omitted).

However, as Matrix notes, Federal Rule of Civil Procedure 8(d) allows a party to plead separate, inconsistent claims in the alternative. Fed. R. Civ. Proc. 8(d). Specifically, Rule 8(d) provides:

14

A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient . . . . A party may state as many separate claims or defenses as it has, regardless of consistency.

Although there are exceptions at the pleading stage when the validity of a contract is at issue; *see Perez v. Utility Constructors, Inc.*, No. 15-4675, 2016 WL 5930877, at \*2-4 (E.D. La. Oct. 12, 2016); *Schott, Trustee For Estate of InformMD, LLC v. Massengale*, No. 18-759, 2019 WL 4738795 at \*16-17 (M.D. La. Sept. 27, 2019); the Fifth Circuit and Louisiana Supreme Court agree that if a plaintiff pleads alternative claims, such as contract or delictual claims, the plaintiff cannot maintain a cause of action for unjust enrichment on those same facts. *Ferrara Fire Apparatus, Inc. v. JLG Indus., Inc.*, 581 F. App'x 440, 443-444 (5th Cir. 2014); *Walters v. Medsouth Record Mgmt., LLC*, 38 So. 3d 241, 242 (La. 2010); *see also Ruby Slipper Cafe, LLC*, 2019 WL 1254897, at \*9 (dismissing unjust enrichment claim when Plaintiff also pursued claims under LUTSA and LUTPA). Here, no exception applies, and because Matrix has pled multiple claims including a delictual claim and claims under LUTSA and LUTPA, another remedy is available to Matrix. Therefore, Matrix is precluded from seeking recovery against Daikin on a claim of unjust enrichment.

## **RECOMMENDATION**

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **GRANTED**. Plaintiff's LUTPA claim is **DISMISSED WITHOUT PREJUDICE** with leave to amend the deficiencies in this claim only within 21 days. Because amendment of the following claims would be

futile, Plaintiff's LUTSA claim, conversion claim, and unjust enrichment claims are

**DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 15th day of December, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE