UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATRIX HVAC , LLC                                                       CIVIL ACTION

VERSUS                                                                         NO. 23-1669

DAIKIN APPLIED AMERICAS, INC.,                             SECTION: "J"(4)
ET AL

# ORDER AND REASONS

Before the Court is a *Renewed Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 21)** filed by Defendant, Daikin North America, LLC, an opposition thereto (Rec. Doc. 22) filed by Plaintiff Matrix HVAC, LLC, and Defendant's reply (Rec. Doc. 24). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

Plaintiff, Matrix HVAC, LLC ("Matrix"), is a Louisiana limited liability company that provides HVAC goods and services. Defendant, Daikin North America, LLC ("Daikin") is a Delaware corporation with a principal place of business in Texas. This case arises from Matrix's claim that its former employee, who eventually left Matrix to work for Daikin, provided trade secrets and confidential information regarding a new Matrix product to Daikin.

Matrix claimed four causes of action in its complaint: (1) that the "concept, design, manufacture, and implementation" of the product are trade secrets under the Louisiana Uniform Trade Secrets Act ("LUTSA"); (2) that Daikin's alleged misappropriation violates the Louisiana Unfair Trade Practices Act ("LUPTA"); (3)

1

that Daikin's product constitutes a wrongful taking and conversion actionable under Louisiana Civil Code article 2315; and (4) that Daikin has been unjustly enriched without cause at the expense and impoverishment of Matrix under Louisiana Civil Code article 2298. *Id.* at 8-9. (Rec. Doc. 1, at 4-9). Daikin moved for dismissal for failure to state a claim, and on December 16, 2023, the Court granted the motion, dismissing Matrix's LUTSA claim, conversion claim, and unjust enrichment claim with prejudice. (Rec. Doc. 19). The Court dismissed Plaintiff's LUTPA claim without prejudice and granted Matrix leave to amend the deficiencies in the LUTPA claim within 21 days. *Id.*

On January 5, 2024, Matrix filed an Amended Complaint to address the deficiencies of the allegations under LUTPA. (Rec. Doc. 20). Daikin filed the instant renewed motion to dismiss on January 19, 2024, contending that Matrix "failed to state a claim under LUTSA because public information cannot constitute a trade secret and Plaintiff has not alleged an improper taking." (Rec. Doc. 21, at 1). Daikin's supporting memorandum asserts that the Matrix did not plausibly allege the required elements under LUTSA and does not include argument as to the LUTPA claim. (Rec. Doc. 21-1, at 5-10). \

However, the Court previously dismissed Matrix's LUTSA claims with prejudice. (Rec. Doc. 19). Daikin's motion does not include an argument as to the allegations in Matrix's amended claim as to the LUTPA violation. In its reply, Daikin attempts to remedy this mistake by raising new arguments as to the elements of Matrix's LUTPA claim. (Rec. Doc. 24, at 2-8). Of course, arguments cannot be raised

2

for the first time in a reply brief. *See Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326 (5th Cir. 2008); *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009); *United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th. Cir. 2005). Therefore, the Court will not consider Daikin's arguments as to Matrix's LUTPA claim. Accordingly, because Matrix's LUTSA claim has already been dismissed,

**IT IS HEREBY ORDERED** that Daikin's motion to dismiss **(Rec. Doc. 21)** is **DENIED as moot**.

New Orleans, Louisiana, this 23rd day of February, 2024.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE